b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT ELLIS, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00477 |
| VERSUS | CHIEF DISTRICT JUDGE DOUGHTY |
| UNITED STATES OF AMERICA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6), filed by Defendant, the United States of America ("the Government").

Because Ellis failed to provide the Government with sufficient facts for an investigation, he failed to timely exhaust his administrative remedies and Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 15) should be GRANTED.

Alternatively, because Ellis failed to state a claim under the Federal Tort Claims Act ("FTCA"), Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 15) should be GRANTED.

I. Background

Plaintiff Robert Ellis ("Ellis") filed this action, *pro se* and *in forma pauperis*, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680, alleging retaliation and intentional infliction of emotional distress. ECF No. 1. Ellis contends that DEA agent Terryl Fenton has stalked, harassed, and surveilled him with the

intent to threaten, intimidate, and cause emotional distress, in retaliation for an altercation that occurred between Ellis and Kendyl Fenton, Terryl's brother. Ellis asserts claims for intentional infliction of emotional distress by Agent Terryl Fenton, harassment with intent to kill, violation of the Fourteenth Amendment, loss of enjoyment of life, impairment of mental health, disfigurement, loss or impairment of senses, and inability to participate in daily, family, or recreational activities. ECF No. 15-2 at 7, 9. He seeks monetary damages.

Ellis named the Department of Justice as the responsible agency in his administrative tort claim, and sent his claim to the FBI. In August 2022, the Drug Enforcement Administration ("DEA") wrote Ellis to acknowledge receipt of his administrative tort claim, which had been transferred by the FBI to the DEA. ECF No. 15-3. The DEA requested additional information and documentary evidence from Ellis. Because Ellis did not respond to the DEA's request, his claim was not investigated. Ellis then filed this action.

The Government responded with a Motion to Dismiss, alleging lack of exhaustion and failure to state a claim. EFC No. 15. Ellis opposes. ECF No. 17.

II. <u>Law and Analysis</u>

    A. <u>Motion to Dismiss for lack of exhaustion.</u>

Defendant contends that Ellis's action should be dismissed for lack of exhaustion. Defendant asserts that it did not investigate Ellis's claims because Ellis failed to respond to its request for additional information.

2

The exhaustion requirement under the FTCA is codified in 28 U.S.C.A. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The exhaustion requirement was explained by the United States Fifth Circuit Court of Appeals in *Cook v. United States*:

> Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency. A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b).

*Cook v. United States*, 978 F.2d 164, 165-166 (5th Cir. 1992) (citations omitted). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."). This requirement is jurisdictional and may not be

3

waived. *See Gregory v. Mitchell*, 634 F. 2d 199, 203-04 (5th Cir. 1981); *see also Coleman v. United States,* 912 F.3d 824, 834 (5th Cir. 2019).

An administrative claim must provide "enough details to enable the agency to begin its own investigation." *See Blackmon v. United States*, 2021 WL 4254863, at *7 (S.D. Miss. 2021) (citing *Adams v. United States*, 615 F.2d 284, 292 (5th Cir. 1980, *decision clarified,* 622 F.2d 197 (5th Cir. 1980)). "Even though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." *Blackmon*, 2021 WL 4254863 at *7 (citing *Cook*, 978 F.2d at 166).

The DEA's request for additional information from Ellis included documentary evidence to support Ellis's claim (such a medical records, police reports, case information, and proof of alleged damages), and additional information, including the facts and circumstances giving rise to any alleged injury, and the people, property, places, dates, and causes of each occurrence, fact, and circumstance. "An agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation and a claim for money damages is unwarranted and unauthorized." *Adams*, 615 F.2d at 292. "[An] agency lacks the power to require that the claimant supplement a notice of claim that contained 'enough details [about the underlying incident from which the complaint arose] to enable the agency to begin its own investigation." *Adams,* 622 F.2d at 197.

Ellis did not respond to the DEA's request for additional information. Although Ellis was not required to provide the DEA with documentary or other evidence to support his claims, the DEA's request for additional factual details as to his claims was reasonable.

In his administrative claim, Ellis alleges that Agent Fenton retaliated against him because he had a "situation" involving a gun with Agent Fenton's brother. ECF No. 15-2 at 1, 2. Ellis contends, vaguely, that Agent Fenton "us[ed] his powers to have people gang-stalk" him and "persuaded peers to engage in acts with the intent to kill, injure, harass, and intimidate" him. ECF No. 15-2 at 1, 3. Ellis provides addresses in Oakland, CA, San Francisco, CA, Houston, TX, and Alexandria, LA, but does not assert details as to what occurred in each place and the names of federal employees involved. ECF No. 15-2 at 1. Ellis contends the events took place on June 21-22, 2020, "in reference to the medication and are continuously going on." ECF No. 15-2 at 1. None of those statements ties together names, places, dates, or specific incidents, or shows that a federal employee was actually involved in those incidents.

Ellis also contends that Agent Fenton contacted his employers, Verizon and Sunder Energy, but does not state why, when, or what happened. ECF No. 15-2 at 1. Ellis identifies nine other individuals, contending they have been involved, but does not state what they each did, when, or where, and whether they are federal employees. ECF No. 15-2 at 1.

5

Ellis further contends that, at his workplace with Verizon, a "dead body [was] reported outside and there was a homeless person who appear[ed] to be holding a gun pointed . . . at [him]." ECF No. 15-2 at 2. Again, there is no allegation that a federal employee was involved or when that occurred.

Ellis contends his gun was stolen and it was "reported stolen at a CIA office in Houston," which can be confirmed by "Jonathan Thomas." ECF No. 15-2 at 4. There is no allegation that a federal employee stole his gun, or that Agent Fenton was involved.

Also, Ellis contends he was being harassed at his apartment complex in Houston, and that his vehicle was vandalized. ECF No. 15-2 at 4. Ellis contends he received harassing phone calls when he was working for Verizon in Houston. ECF No. 15-2 at 5. There are no allegations as to: who did those things to Ellis; that a federal employee was involved; or when those events occurred.

Ellis contends that Agent Fenton had "other people" "gang-stalk" him and pull weapons on him with the intent to harm Ellis. ECF No. 15-2 at 9. Ellis further asserts that friends were "coerced" into getting him drunk, then making him operate a motor vehicle, causing him to get a DWI. ECF No. 15-2 at 3, 9. Ellis asserts that Fenton "enlisted strippers to purposely give him sexually transmitted diseases and to toy with [his] emotions." ECF No. 15-2 at 9. Ellis does not show when or where these alleged events took place, who was actually involved, or that anyone actually involved in those events was a federal employee.

Because Ellis failed to allege sufficient information for the DEA to investigate his claims, and failed to respond to the DEA's request for additional information, Ellis failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction over this lawsuit. *See Cook*, 978 F.2d at 166 (dismissal of plaintiff's lawsuit was upheld because he failed to respond to OSHA's request for information necessary to investigate his claim, and thus did not timely provide sufficiently specific information to OSHA about his claim); *Blackmon*, 2021 WL 4254863 at *1 (Plaintiff's refusal to comply with the agency's reasonable request for supplemental information to clarify an inadequate claim negated her administrative claim and the lawsuit was dismissed for failure to seek administrative relief). Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 15) should be granted.

**B.** <u>Alternatively, Ellis has not stated a federal tort claim.</u>

The Government also contends that Ellis has failed to state a claim pursuant to the FTCA, and moves for dismissal pursuant to Rule 12(b)(6).

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

7

misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

The FTCA permits "civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable." *Chapman v. United States*, 353 Fed. Appx. 911, 912 (5th Cir. 2009) (citing *Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003)); *see also Fujita v. United States*, 416 Fed. Appx. 400, 401 n. 1 (5th Cir. 2011) (citing 28 U.S.C. § 1346(b)). The FTCA's provisions are contained in two areas of the United States Code: (1) 28 U.S.C. § 1346(b), gives federal district courts exclusive jurisdiction over tort claims against the United States for the acts of its employees "[s]ubject to the provisions of chapter 171" of Title 28; and (2) Chapter 171 is labeled "Tort Claims Procedure" and comprises the remaining provisions of the FTCA. 28 U.S.C. §§ 2671–2680.

Section 1346(b)(1) sets forth the elements of an FTCA claim:

Subject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government *while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. [Emphasis added.]

8

Ellis has not stated a viable claim pursuant to the FTCA. Accepting Ellis's allegations as true for purposes of this motion, Ellis has not alleged any specific acts by Agent Fenton, other than that he somehow induced other people ("peers") to harass him. Ellis has not alleged that those "peers" were federal employees. And it is clear that Agent Fenton would not have been acting within the scope of his office or employment when he retaliated against Ellis for personal reasons. Ellis has also not alleged that Agent Fenton was pursuing an investigation against him, arresting him, or executing a search warrant.

Ellis names eight other individuals, but he does not contend that those persons are federal employees, nor does he state specifically what each one did. Moreover, even if they are federal employees, Ellis has not alleged or shown that any of them acted within the scope of their office or employment to harass Ellis.

Thus, Ellis has not alleged sufficient facts to support a claim under the FTCA. Defendant's Motion to Dismiss (ECF No. 15) should be granted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 15) be GRANTED and that Ellis's action be DISMISSED WITH PREJUDICE.

Alternatively, IT IS RECOMMENDED that Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED and that Ellis's action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __3rd__ day of July 2024.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge